## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF VERMONT.

RUTLAND COUNTY, JUNE ADJOURNED TERM,
A. D. 1801.

*ENOCH WOODBRIDGE,* Chief Judge.
*NOAH SMITH,* Assistant Judge.
*HALL,* Judge, absente.

———◈———

## SAMUEL BROUGHTON *against* DAVID WARD and ABEL WOLCOTT.

TRESPASS for taking one yoke of oxen, a mare and colt.   General issue.   Trial *per pais.*

*John Cook,* for the plaintiff, stated, that on the 6th of *April,* 1798, the defendants purchased out two writs of attachment, one in each of their names, and both against the present plaintiff and one *Francis.* These writs were issued by and made returnable before Mr. Justice *Button,* on the *fourteenth* of the same *April.* They were served on *Broughton* and

Where a *privity* is shewn between several defendants in trespass, the words or acts of any one of them may be exhibited in evidence as proof of the trespass.

Broughton
v.
Ward and Wol-
cott.

*Francis* the 9th of the same month, and by conni-
vance of the then plaintiffs, (now defendants,) altered
and made returnable on the 19th of *April* aforesaid.
The Justice held his Court on the *fourteenth* of
*April*, and not noticing the alteration in the writs, de-
faulted *Broughton* and *Francis*, rendered judgment,
and issued executions in both actions. The execu-
tions were put into the hands of a constable to serve
and return ; who levied the execution in the name of
*David Ward* upon the mare and colt, and that in the
name of *Abel Wolcott* upon the oxen described in the
declaration. The property was sold at public auction,
and the avails paid to the present defendants.

Mr. Justice was sworn. He exhibited the two
writs. The alterations suggested by the counsel
were apparent. The writs of execution recited each
a judgment rendered on the *fourteenth* of *April*, 1798,
and were dated the 24th of *April*, 1798. The Justice
testified, that the two writs of attachment were
brought to him to sign by the defendant *Wolcott*, at
which time they were made returnable on the four-
teenth day of *April*, 1798 ; and on that day he ren-
dered the several judgments on default, and granted
the executions on the 24th of *April*, which he deli-
vered to *Ward*, the other defendant. That on the
*nineteenth* of *April*, 1798, he met *Broughton*, the pre-
sent plaintiff, with *Francis*, and they told him they
were going to his house to attend Court ; that he then
informed them he had rendered judgment against
them in both suits, on the 14th of *April*.

*Chauncey Langdon*, for defendants, now objected to the several writs of attachment and of execution going to the Jury. The matter in issue is a joint trespass; their whole shewing several trespasses.

*Broughton*
*v.*
*Ward and Wolcott.*

*Sed per Curiam.* There is sufficient *privity* shewn already in evidence between the present defendants. The acts of each, as combining in this joint trespass, may be shewn.

Further evidence was exhibited, shewing that the writs of attachment were purchased out at the instigation of *Francis*, who, before the service upon *Broughton*, altered himself the days of the returns with the privity of the present defendants, and afterwards turned out the oxen, &c. the property of *Broughton*, to satisfy the executions.

The Court inquired, if the defendants relied upon impeaching the credibility of the witnesses; and observed, that if their testimony could not be shaken, the defendants must be without available defence.

Verdict for plaintiff.

*John Cook*, for plaintiff.
*Chauncey Langdon*, for defendants.